IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CWANE MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>COOLING & WINTER LLC;<br>MICHAEL S. SPESKIN;<br>SALVATORE L. SCHIAPPA; and<br>LOUIS R. FEINGOLD,<br><br>Defendants. | CIVIL ACTION FILE NO.<br>1:23-cv-2555-VMC-LTW |

**MAGISTRATE JUDGE'S ORDER AND**
**NON-FINAL REPORT AND RECOMMENDATION**

This case is before the Court on a variety of motions. First, Defendants Michael S. Peskin,[1] Salvatore L. Schiappa, Louis R. Feingold (collectively, the "Individual Defendants"), and Cooling & Winter, LLC ("CW") filed a Motion to Dismiss. [Doc. 7]. Plaintiff did not timely respond to the Motion to Dismiss and instead filed a "Motion for Ratification of Authority" ([Doc. 9]) and a "Motion to Strike for No

[1] The initial Complaint, and thus the above caption, list this Defendant as Michael S. "Speskin." [Doc. 1 at 1]. As Defendants note, this is a typographical error and the attorney in question is Mr. Peskin. [Doc. 7-1 at 1 n.1]. Plaintiff's proposed amended complaint corrects the misnomer. [Doc. 18-1 at 1].

Standing" ([Doc. 12]). Thereafter, Plaintiff filed a Motion for Leave to File an Amended Complaint ([Doc. 18]) and a "Motion to Oppose Defendants [*sic*] Motion to Dismiss and Notice Opposing Plaintiff's Request for Amendment of Complaint" ([Doc. 22]). Last, Defendants filed a Motion to Stay Pretrial Deadlines and Discovery. [Doc. 23].

For the reasons below, Plaintiff's "Motion for Ratification of Authority" ([Doc. 9]) and "Motion to Strike for No Standing" ([Doc. 12]) are **DENIED**. Defendants' Motion to Stay ([Doc. 23]) is **GRANTED in part and DENIED in part**. The undersigned **RECOMMENDS** that Plaintiff's Motion for Leave to Amend ([Doc. 18]) be **GRANTED in part and DENIED in part**, that Defendants' Motion to Dismiss ([Doc. 7]) be **DENIED as moot**, and that Plaintiff's "Motion to Oppose Defendants [*sic*] Motion to Dismiss and Notice Opposing Plaintiff's Request for Amendment of Complaint" ([Doc. 22]) be **DENIED as moot**.

## FACTUAL BACKGROUND

This case principally concerns claims under the Fair Debt Collection Practices Act ("FDCPA"). See [Doc. 1 ¶¶1–84].[2] Plaintiff alleges that Defendant CW was

[2] Plaintiff's initial Complaint also purports to bring claims under two criminal statutes—18 U.S.C. § 514 and O.C.G.A. § 16-10-20.1—though it appears Plaintiff intends to abandon those claims. [Doc. 1 ¶¶85–88]; see also [Doc. 18-1].

retained by Bank of America to collect a certain debt in the amount of $4,887.09. [Id. ¶14]. Defendant CW, through its attorneys, has attempted to collect the debt in DeKalb County Magistrate Court. [Id. ¶20]. As will be discussed below, Plaintiff alleges "the record is absent **ratification** by the Board of Directors of [Bank of America]" authorizing CW to represent Bank of America. [Id. ¶30] (emphasis in original). On April 22, 2019, CW sent Plaintiff a "written communication" attempting to collect the debt "without [Plaintiff's] consent." [Id. ¶40]. After Plaintiff sent CW an "error dispute," CW sent Plaintiff another communication "absent proper verification." [Id. ¶¶41–42].

Plaintiff further alleges that Defendant Schiappa "prepare[d] and sign[ed] [a] waiver of service" in the DeKalb County Magistrate Court case, that Defendant Peskin "appeared of [*sic*] Zoom" in the case, and that Defendant Feingold signed and submitted a notice of intent to use affidavit testimony in the case. [Id. ¶51]. Defendants Schiappa and Peskin allegedly did not respond to Plaintiff's discovery requests in the DeKalb County Magistrate Court case. [Id. ¶¶53–54]. The rest of Plaintiff's allegations largely consists of his legal theories. For example, Plaintiff asserts that he is not "an entity duly registered with the Secretary of State of Georgia that has the capacity to sue and be sued" and that all debts are void because Congress no longer issues currency in the form of gold and silver coins. [Id. ¶¶60, 69–73].

## LEGAL STANDARD

In considering a motion to dismiss, the Court must accept the well-pled factual allegations of the complaint as true, but "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). To survive a motion to dismiss, a plaintiff need only state a claim that is plausible on its face—that is, a claim based on factual allegation that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a claim with sufficient specificity requires that the complaint have enough factual matter, which when taken as true, suggests the required elements of the claim. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)).

A *pro se* complaint it to be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citation and quotation marks omitted). Additionally, a pro se plaintiff must usually "be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018)). "This rule applies even when the plaintiff does not seek leave to amend the complaint . . . ." Woldeab, 885 F.3d at 1291. However, the court need not grant leave to amend "if a more carefully drafted complaint could not state a claim," *i.e.* if "further amendment would be 'futile.'" Silberman, 927 F.3d at 1132 (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) and Woldeab, 885 F.3d at 1291). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed . . . ." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

## LEGAL ANALYSIS

### *A. Plaintiff's Motion for "Ratification" and to "Strike for No Standing"*

The Court first addresses two of Plaintiff's motions arguing that defense counsel must provide "ratification" to appear in this case. [Doc. 9]; see also [Doc. 12]. Plaintiff claims defense counsel cannot represent anyone—including Individual Defendants,

apparently—without "**ratification** from the Govern [*sic*] body of [CW]." [Doc. 9 at 2] (emphasis in original). But Plaintiff does not cite any legal authority in support of that proposition. See [id.]. The only authority Plaintiff cites that merits any serious discussion is Pueblo of Santa Rosa v. Fall, 273 U.S. 315 (1927). As the Supreme Court explained, courts can "require an attorney . . . to show his authority to appear." Id. at 319. But Pueblo offers no further support to Plaintiff, as that case involved a situation where federal statutes imposed specific (unmet) requirements on the attorney to prove his authority to enter a contract for land with a Native American tribe. Id. at 319–21. Plaintiff does not point to any federal statute imposing specific requirements on what defense counsel must provide to prove his authority to represent Defendants in this case. See [Docs. 9, 12, 22].

Instead, Plaintiff cites a grab bag of authorities that either do not apply in Federal Court or have nothing to do with "ratification." Plaintiff cites the Full Faith and Credit Clause, the Emoluments Clause, the Supremacy Clause, and argues that esquire "is a title of nobility." [Id. at 6, 8–9]. These provisions of the U.S. Constitution have nothing to do with defense counsel's authority to represent his clients before this Court. Plaintiff also cites "Texas Rule 12" and O.C.G.A. § 15-19-7, neither of which apply in this Court. [Doc. 9 at 6–7].

The rule that applies in this Court is Local Rule 83.1, which provides that an "attorney's appearance as attorney of record . . . may be evidenced by signature. . . on a Fed. R. Civ. P. 12(b) pre-answer motion." N.D. Ga. Loc. R. 83.1(D)(1). Defense counsel signed the Rule 12(b) pre-answer motion, evidencing his appearance as attorney of record. [Doc. 7 at 2]. When an attorney appears for a party, his authority "will be presumed" absent "proof to the contrary." Hill v. Mendenhall, 88 U.S. 453, 454, 22 L. Ed. 616 (1874). Plaintiff has no proof that defense counsel lacks authority to represent Defendants. Likewise, Plaintiff's "Motion to Strike for No Standing" fails. [Doc. 12]. Aside from the fact that Plaintiff's legal arguments lack merit, Defendants' Motion to Dismiss is not a "pleading" and as such it "may not be attacked by a motion to strike." Harrison v. Belk, Inc., 748 F. App'x 936, 940 (11th Cir. 2018); see also Fed. R. Civ. P. 7(a) (defining the "pleadings" in a case).

***B. The Individual Defendants***

As noted in the Motion to Dismiss, Plaintiff has not served the Individual Defendants, meaning the Court does not have personal jurisdiction over them. [Doc. 7-1 at 2]. Plaintiff responds to this argument by citing Hill, which held that a court can have jurisdiction over a defendant by reason of his appearance through counsel. See

[Doc. 22 at 4–5]; see also Hill, 88 U.S. at 456.[3] But waiver is not automatic, and the problem with relying on a nearly 150-year-old case like Hill is that it was decided long before the Federal Rules of Civil Procedure. Those rules provide a mechanism for raising the defenses of lack of personal jurisdiction and insufficient service of process: Rule 12. "And nothing in Rule 12 contemplates that an attorney's entry of a notice of appearance on a defendant's behalf amounts to a waiver of a Rule 12 defense." Pouyeh v. Pub. Health Tr. of Jackson Health Sys., 718 F. App'x 786, 791 (11th Cir. 2017). The Individual Defendants properly raised the defense in their Rule 12 motion—their very first filing in this case—and thus they have not waived it. [Doc. 7-1 at 2]; see also Pouyeh, 718 F. App'x at 792 (holding that "the defendants did not waive their objection to insufficient service of process because they raised the defense in accordance with Rule 12 and did not otherwise invoke the court's jurisdiction on a matter other than jurisdiction").

Turning to the service issue, Plaintiff has failed to provide either a proof of service or a waiver of service as to the Individual Defendants. Plaintiff is "responsible for having the summons and complaint served within the time allowed by Rule 4(m)."

---

[3] Notably, that waiver can only occur if the attorney's "appearance was authorized," meaning that this argument contradicts Plaintiff's assertion that defense counsel has no authority to appear on behalf of Defendants. See Hill, 88 U.S. at 454.

Fed. R. Civ. P. 4(c)(1). That time has expired. See Fed. R. Civ. P. 4(m) (providing that each defendant must be "served within 90 days after the complaint is filed"). As such, the Court must "must dismiss the action without prejudice against [those] defendant[s] or order that service by made within a specified time." Id. Because of Plaintiff's *pro se* status, the undersigned will allow additional time and **ORDERS** that Plaintiff serve each Individual Defendant within **fourteen (14) days** from the date of this Order. Plaintiff is **WARNED** that a failure to comply with this Order will result in a recommendation that this action be dismissed as to the Individual Defendants. See Fed. R. Civ. P. 4(m); see also N.D. Ga. Loc. R. 16.5.

***C. The Remainder of the Motion to Dismiss***

As noted in footnote 2 above, Plaintiff's Complaint purports to bring claims under two criminal statutes. [Doc. 1 ¶1]. Plaintiff, a private individual, has no right to enforce criminal laws. Bass Angler Sportsman Soc. v. U.S. Steel Corp., 324 F. Supp. 412, 415 (S.D. Ala.). It appears Plaintiff intends to abandon these claims, as they are not part of Plaintiff's proposed amended complaint. [Doc. 18-1]. Otherwise, this case involves claims under the FDCPA—more specifically, §§ 1692c, 1692j, and 1692f. See [Doc. 1 at 10].[4] The Court addresses each in turn.

---

[4] Plaintiff also contends Defendants violated 15 USC § 1692i(b), which he asserts "prohibits the bringing of legal action." [Doc. 1 ¶65]. Contrary to Plaintiff's assertion, § 1692i(b) simply states that the FDCPA does not "authorize the bringing of

First, Plaintiff argues CW violated § 1692c by communicating with him without his prior consent. [Doc. 1 ¶76]. But § 1692c generally only prohibits communication without a consumer's prior consent under three specific circumstances: (1) at an unusual or inconvenient time or place, (2) if the debt collector knows the consumer is represented by counsel, and (3) at the consumer's place of employment. 15 U.S.C. § 1692c(a). There are no allegations indicating that any of these circumstances apply, and thus Plaintiff's claim under § 1692c fails as a matter of law. See [Doc. 1].

Second, Plaintiff argues the complaint in the DeKalb County Magistrate Court case is a "deceptive form." [Doc. 1 ¶78]. This claim is based on Plaintiff's "**ratification**" theory, and his assertion that the creditor—Bank of America— is "at a legal disability to testify of [*sic*] how it was damaged as a result of the alleged debt." [Id.] (emphasis in original). The first theory is rejected above and the second fairs no better. For more than 100 years, Georgia Courts have uniformly held that representatives of a corporation can "testify[ ] as a witness in a case to which the corporation is a party." De Vane v. De Vane, 149 Ga. 783, 102 S.E. 145, 146 (1920). And the very notion that Bank of America is required to "testify" regarding its damages

---

legal actions by debt collectors," *i.e.* the FDCPA does not provide debt collectors with a cause of action. 15 USC § 1692i(b). The mere "filing of a lawsuit" does not, in and of itself, violate the FDCPA. See Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1305 (11th Cir. 2015).

lacks any basis. Roberts v. Cmty. & S. Bank, 331 Ga. App. 364, 371, 771 S.E.2d 68, 74 (2015) (holding that a payment history "was admissible as a business record" to prove a bank's damages on a defaulted loan); see also O.C.G.A. § 24-9-903 ("The testimony of a subscribing witness shall not be necessary to authenticate a writing unless required by the laws of the jurisdiction whose laws govern the validity of the writing.").

Third, Plaintiff contends Defendants violated § 1692f—though the basis for this claim is unclear. See [Doc. 1 ¶¶77–84]. As best the Court can tell, this claim too is premised on Plaintiff's interpretations of the law—such as his assertion that he is not "a legal entity qualified to be served or accept [*sic*] waiver of service of process." See [id. ¶79]. Georgia law clearly provides that a "natural person" like Plaintiff has a duty to consent to a waiver of service and, if he does not, that he can be personally served. O.C.G.A. § 9-11-4(d)(2)(B); see also id. § 9-11-4(e)(7). Plaintiff also asserts that a CW attorney "made appearance at a scheduled hearing" in the DeKalb County Magistrate Court case, but nothing about that is unfair or unconscionable. See [Doc. 1 ¶80]. Likewise, submitting a notice of intent to use affidavit testimony is not unfair or unconscionable. See [id. ¶82]. The only other conduct Plaintiff complains of is Defendants' failure to respond to his discovery requests. See [id. ¶¶81, 84]. But in Georgia Magistrate Court, requests for discovery will only "be entertained when made

by joint request of all parties" and requests made "without permission of the court" are "a nullity." Ga. Unif. R. Mag. Ct. 40.

In short, Defendants are correct that Plaintiff's FDCPA claims fail as a matter of law. See [Doc. 7-1 at 3–6]. But Plaintiff has requested leave to amend the complaint ([Doc. 18]), and even if he had not the Court would ordinarily be required to give him an opportunity to amend because he is *pro se*. Silberman, 927 F.3d at 1132. The Court need not grant leave to amend if "the complaint as amended would still be properly dismissed." Id. at 1133 (quoting Cockrell, 510 F.3d at 1310). Defendants argue this exception applies because the "only material difference between Plaintiff's initial Complaint and Plaintiff's proposed Amended Complaint are the elimination of the claims" under the criminal statutes. [Doc. 21 at 2]. That is incorrect.

Plaintiff's proposed amended complaint contains a new FDCPA claim under § 1692e based on correspondence from CW, which Defendants have never addressed. [Doc. 18-1 ¶¶52–68]. As discussed above, the undersigned agrees that Plaintiff's other FDCPA claims are deficient as currently drafted. And there are other flaws with the proposed Amended Complaint discussed below. But the Court cannot say, as matter of law, that "a more carefully drafted complaint could not state a claim." Silberman, 927 F.3d at 1132. Thus, Plaintiff must be given one chance to correct the deficiencies with his Complaint. However, the proposed amended complaint will not do.

As discussed above, Plaintiff's § 1692j claim fails because it is still premised on his "ratification" arguments, which lack any basis in law. See [Doc. 18-1 ¶70]. Furthermore, Plaintiff's own exhibits demonstrate that his FDCPA claims are likely barred by the statute of limitations, as the communications from CW were all sent over two years before this case was filed. [Doc. 18-2 at 2, 5–8]. Claims under the FDCPA "must be brought 'within one year from the date on which the violation occurs.'" Maloy v. Phillips, 64 F.3d 607, 608 (11th Cir. 1995) (quoting 15 U.S.C. § 1692k(d)). And that one-year period began to run the day after CW mailed Plaintiff the letters in question. Id.

Additionally, the proposed amended complaint is a shotgun pleading because it has "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015). When presented with a shotgun pleading, Eleventh Circuit precedent requires this Court to "intervene *sua sponte* and order a repleader." Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds by* Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008).

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Leave to Amend ([Doc. 18]) be **GRANTED in part and DENIED in part**.

Specifically, the undersigned recommends that the Motion be granted to the extent Plaintiff requests leave to amend, but denied to the extent he seeks to file the proposed amended complaint. Instead, the undersigned recommends that Plaintiff be given fourteen (14) days from the date of the district judge's ruling on this Report and Recommendation to file an amended complaint that corrects all the deficiencies identified above. As for the related motions, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss the initial Complaint ([Doc. 7]) and Plaintiff's "Motion to Oppose Defendants [*sic*] Motion to Dismiss and Notice Opposing Plaintiff's Request for Amendment of Complaint" ([Doc. 22]) both be **DENIED as moot**.

***D. Defendants' Motion to Stay***

Finally, Defendants filed a Motion to Stay "the deadlines for: (1) conducting the Rule 26(f) planning conference; (2) filing the Joint Preliminary Report and Discovery Plan; (3) exchanging Initial Disclosures; and (4) commencing the discovery period." [Doc. 23 at 3]. The last of these requests is moot because the discovery period does not begin until "thirty days after the appearance of the first defendant by answer to the complaint," and no defendant has answered in this case. N.D. Ga. Loc. R. 26.2(A). Otherwise, the Motion to Stay is on sound footing. There is no need for the parties to expend time and resources on reports, disclosures, and planning conferences when there is an outstanding "motion to dismiss based on failure to state a claim for relief."

See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). The Motion to Stay is **DENIED as moot** to the extent Defendants seek a stay of discovery and **GRANTED** in all other respects.

## CONCLUSION

As explained above, Plaintiff's "Motion for Ratification of Authority" ([Doc. 9]) and "Motion to Strike for No Standing" ([Doc. 12]) are **DENIED**. Defendants' Motion to Stay ([Doc. 23]) is **GRANTED in part and DENIED in part**. The undersigned **RECOMMENDS** that Plaintiff's Motion for Leave to Amend ([Doc. 18]) be **GRANTED in part and DENIED in part**, that Defendants' Motion to Dismiss ([Doc. 7]) be **DENIED as moot**, and that Plaintiff's "Motion to Oppose Defendants [*sic*] Motion to Dismiss and Notice Opposing Plaintiff's Request for Amendment of Complaint" ([Doc. 22]) be **DENIED as moot**.

The undersigned further **RECOMMENDS** that Plaintiff be given **fourteen (14) days** from the date of the district judge's ruling on this Report and Recommendation to file an amended complaint correcting the deficiencies identified above. Last, Plaintiff is **ORDERED** to serve each Individual Defendant within **fourteen (14) days** from the date of this Order. **Plaintiff is warned that a failure to comply with the Court's pretrial instructions could result in dismissal of this case with prejudice.** See N.D. Ga. Loc. R. 16.5.

**SO ORDERED, REPORTED, AND RECOMMENDED**, this 14 day of September, 2023.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE